## Smart, Appellant, *v.* Baroni et al.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*E. D. Brown,* with him *Wade K. Newell,* for appellant.

*Chad L. John,* with him *Thomas H. Hudson, Thomas H. Hudson, Jr.,* and *Hudson & Hudson,* for appellees.

PER CURIAM, November 8, 1948:

This is an appeal from a decree dismissing a bill in equity. President Judge MATTHEWS in his opinion correctly said that the question is: "Whether the owner of real estate encumbered by a first mortgage and by judgment liens, who has entered into a contract with a third

person to purchase and foreclose the mortgage in order to divest the judgment liens without paying them, to purchase the real estate at sheriff's sale, to manage and sell the same to divide the profits, may, through the intervention of a court of equity, regain the property or recover a share of the profits. The answer is obvious that he may not do so. That such an agreement is fraudulent as to creditors, both under the common law and the provisions of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS 351, admits of no serious dispute. In March or April of 1932 the defendant Baroni, a real estate agent, advised the plaintiff that he could sell lot No. 4 for $1,300.00 and thereafter the agent accepted $300.00 on account of the purchase price. An examination of the record discloses the judgments as recited at our third finding in addition to the mortgage of $2,000.00 and certain liens of the city of Uniontown. The plaintiff, on being advised of the state of the record, admitted that he was unable to pay the judgments. Thereafter, he had some negotiations with the mortgagees concerning a release of lot No. 4 from the lien of the mortgage, but he was unable to procure such release. The mortgagees, however, agreed to accept $1,000.00 principal and $100.00 interest in full payment of the balance due. This was the state of things when Baroni went to Lock Haven on May 29, 1932, at which time and place the agreement was executed and delivered. It is practically conceded that the agreement was intended as a method whereby the title of Smart could be conveyed without payment of his judgment creditors. In reality, such is the fair construction of the agreement itself and it is apparent in subsequent proceedings. Therefore, our eighth finding of fact to the effect that the agreement was made for the purpose of defrauding plaintiff's creditors is abundantly and completely established by the record. None of the other findings is in dispute. All of them are simply recitals of conveyances and assignments duly recorded and of court proceedings, except, however,

the finding as to the execution and delivery of the agreement itself."

The findings made by the court below are all supported by the evidence and therefore they cannot be disturbed. The decree entered was on these findings a proper one. The decree is affirmed at appellant's cost.